UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-24461-BLOOM/Otazo-Reyes**

WINDY LUCIUS,

    Plaintiff,

v.

APM.MC USA, INC. d/b/a APM MONACO,

    Defendant.

_____/

## ORDER ON DEFAULT JUDGMENT PROCEDURE

**THIS CAUSE** is before the Court upon the Clerk's Entry of Default as to Defendant APM.MC USA, Inc. d/b/a APM Monaco ("Defendant"), filed on December 11, 2020. Upon review of the record, it appears that Defendant has indeed failed to respond to the Complaint or otherwise appear in this action.

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff must file one of the following two responses by **January 4, 2021**:

**(1)** Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiff shall file a *Motion for Default Final Judgment*.

The *Motion for Default Final Judgment* must include affidavits of any sum certain due by Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *Motion* shall also be accompanied by (1) the necessary affidavit under the

---

[1] If there are multiple Defendants, Plaintiff must state in the *Motion for Default Final Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

Case No. 20-cv-24461-BLOOM/Otazo-Reyes

Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order which details both the **factual and legal basis for default**; and (3) a proposed final judgment.[2] Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at bloom@flsd.uscourts.gov. Plaintiff shall send a copy of the *Motion* to Defendant's counsel, or to Defendant if they do not have counsel. In the Certificate of Service, Plaintiff shall indicate that notice was sent and the address or addresses where notice was sent. Plaintiff shall not rely solely on the Court's CM/ECF system to effect such service.

If Defendant fails to move to set aside the Clerk's Default, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

**(2)** Alternatively, where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *Notice of Joint Liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default final judgment against Defendants, as described in (1) above, no later than 14 days thereafter.

Plaintiff's failure to file a *Motion for Default Final Judgment* or *Notice of Joint Liability* within the specified time will result in sanctions, including but not limited to, **dismissal** without

---

[2] These last two are required by Local Rule 7.1(a)(2).

Case No. 20-cv-24461-BLOOM/Otazo-Reyes

prejudice as to these Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 14, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

APM.MC USA, INC. d/b/a APM MONACO
c/o Registered Agent
VCORP SERVICES, LLC
5011 SOUTH STATE ROAD 7
SUITE 106
DAVIE, FL 33314